UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAUN STEPHEN MURRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DOUGLAS A. PIERCE,<br><br>    Defendant. | Case No. 2:22-cv-00035-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Shaun Murrell's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Murrell's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Murrell's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will DENY WITHOUT PREJUDICE Murrell's application to proceed in forma pauperis. After a review of the Complaint, the Court must also DISMISS the case WITHOUT PREJUDICE. The Court will allow Murrell an opportunity to amend his Complaint and resubmit a more complete application to proceed in forma pauperis.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Murrell's application to proceed in forma pauperis and finds it inadequate. Murrell utilized the Court's in forma pauperis form in submitting his application. *See generally* Dkt. 1. This form is a five-page document that assists pro se litigants in providing information regarding their indigency. Pages two and three prompt an applicant to disclose information relating to assets and income, whereas pages four and five deal with the applicant's expenses. While Murrell availed himself of the Court's form, his application lacks specific information as to his employment, expenses, or obligations. What's more, some of the information is confusing at best. For example, Murrell claims to spend $2,000 per month on transportation (*Id*. at 4) and appears to not know the gender or age of a minor individual he supposedly takes care of (*Id*. at 3). As a result, the Court is without sufficient information to make an informed decision regarding Murrell's indigency

at this time. Thus, Murrell's application to proceed in forma pauperis is DENIED WITHOUT PREJUDICE. The Court will allow Murrell to re-submit an updated, specific application within thirty (30) days of this order.

As will be explained in the next section, the Court must also dismiss this case for the time being due to Murrell's inadequate legal allegations. The Court next turns to its initial review of Murrell's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such can only hear cases and

controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction ". . . over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

In this case, Murrell brings forth a single cause of action, claiming the right to a fair trial pursuant to 42 U.S.C. § 1983. Dkt. 2, at 3. It appears that Murrell was (or is) involved in legal proceedings in Idaho State Court. *Id*. at 4–5. He claims that an attorney—it is unclear whether this attorney represented Murrell or prosecuted Murrell—violated his rights. *Id.* To support this claim, Murrell alleges that there was a "violation of Idaho Rules of Professional Conduct: Rule (4) [and] Rule (1.6)." *Id*. at 4. Murrell further alleges that, "do [sic] to the nature of the violation against [him] by the attorney in question. The same attorney that has all the evidence against him in his computer [he] need[s] to seek help." *Id*. Murrell requests a competence evaluation of his attorney and a review of his attorney's records, phone logs, correspondence, case notes, etc. *Id*.

Murrell alleges a list of injuries and notes that the "big damage" is not having sound, competent counsel and a right to a fair trial. *Id*. at 5. As for relief, Murrell requests that the Court provide him legal fees "upfront" in order for him to hire a different attorney to defend him. *Id*. He also asks for a "blank check with a million-dollar bond backing it." *Id*.

Murrell's claim lacks specificity and any indication of what legal theory he is relying on against the Defendant. It is, frankly, difficult to parse out what exactly is at issue

MEMORANDUM DECISION AND ORDER - 4

in this case. The Court cannot allow a lawsuit to proceed until Murrell can allege actual, specific facts against the named individual and identify what law or statue was violated and why he is entitled to relief. The United States Supreme Court has held that a generalized grievance against an attorney is not a claim under 42 U.S.C. § 1983 unless certain circumstances apply. *See Polk County v. Dodson*, 454 U.S. 312, 317–19 (1981) (a public defender—or a private attorney appointed to represent a party—does not act under color of state law within the meaning of § 1983).[1] 42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right.

The allegations here do not state the nature of the claim, nor do they address whether the attorney was acting under color of state law.  At present, none of the allegations in Murrell's Complaint rise to the level of legal claims with available remedies under section 1983. Murrell has not alleged coherent facts to support any claim for relief, and his Complaint must be dismissed.

If amending a complaint would remedy its deficiencies, then courts should provide

---

[1] As noted, the Court is unsure whether the Defendant in this case is a private attorney or a public attorney and what relationship he and Murrell had. It *appears* that the Defendant represented Murrell in State Court criminal proceedings.

MEMORANDUM DECISION AND ORDER - 5

plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Murrell *may* be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend to remedy the following deficiencies.

First, Murrell must state a specific plausible legal claim and the theory upon which that claim rests. Second, Murrell must detail the entire factual background giving rise to his claim. Allegations unsupported by fact will not be accepted. Finally, due to the lack of facts in Murrell's Complaint, the Court is also unsure whether it has jurisdiction over this dispute in the first place. Federal courts are courts of limited jurisdiction. Murrell must explain how this court has jurisdiction to hear this specific claim.

## IV. CONCLUSION

Murrell's application to proceed in forma pauperis is incomplete. The Court will entertain a renewed application that substantially conforms with its guidance above. Additionally, the Court finds that Murrell has not sufficiently supported his claims with facts and may amend his Complaint, if he so chooses.

## V. ORDER

1. Murrell's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. Murrell may submit a complete application within thirty (30) days of the date of this order.

2. Murrell's Complaint (Dkt. 2) is deficient as he has not provided any supporting facts to his claims. His Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court grants Murrell leave to file an Amended Complaint in substantial compliance with its analysis above. Murrell must

file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to file an updated In Forma Pauperis Application or an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: April 8, 2022

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7